UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH MCELROY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV371 SPM |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 3). In the instant motion, petitioner claims that the new Supreme Court cases of *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana,* 136 S.Ct. 718 (2016) apply to further reduce his conviction and sentence under Missouri law.

The instant application for writ of habeas corpus is a "second or successive" application within the meaning of 28 U.S.C. § 2244 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the instant case will be transferred to the United States Court of Appeals in order to request the required certification.

Petitioner was convicted, after a jury trial, of first-degree murder and armed criminal action in St. Louis City Court on February 23, 1989. On June 16, 1989, petitioner was sentenced to life imprisonment without the eligibility of probation or parole. *See State v. McElroy*, No. 871-0087 (22nd Judicial Circuit, St. Louis City). Petitioner's sentence was affirmed on direct appeal. *See State v. McElroy*, Nos. ED56907, ED60450, 838 S.W.2d 43 (Mo.Ct.App. Aug. 4, 1992).

1

After the holdings in *Miller* and *Montgomery*, the Missouri Supreme Court reduced petitioner's sentence to a parole-eligible sentence, after service of twenty-five years' imprisonment, pursuant to a uniform order issued on March 15, 2016.

Movant filed his first federal petition for writ of habeas corpus in this Court on April 2, 1996. *See McElroy v. Bowersox*, No. 4:96CV625 CDP (E.D.Mo. 1998). The Court denied and dismissed petitioner's application for writ of habeas corpus on March 23, 1998. *Id.* Petitioner was denied a certificate of appealability by the Eighth Circuit Court of Appeals on December 1, 1998. *See McElroy v. Bowersox*, No. 98-1975EMSL (8th Cir. 1998).

Pursuant to 28 U.S.C. § 2244, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring new claims for federal relief in this Court. 28 U.S.C. § 2244(b)(3)(A). When a second or successive habeas petition is filed in a district court without the authorization of the court of appeals, the court should dismiss it, or, in its discretion, transfer the motion to the appellate court so long as it is in the interests of justice. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002).

As it appears that movant has a tenable claim for relief under *Miller* and *Montgomery*, the Court finds that it is in the interest of justice to transfer movant's petition to the Eighth Circuit Court of Appeals as a request to file a second or successive § 2254 motion.

Accordingly,

**IT IS HEREBY ORDERED** that the instant application for writ of habeas corpus is **DENIED**, without prejudice, because petitioner did not obtain permission from the court of appeals to bring the motion in this Court. *See* 28 U.S.C. § 2244.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

                                          /s/ Shirley Padmore Mensah
                                          SHIRLEY PADMORE MENSAH
                                          UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of May, 2016.